UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NUMBER 15-CV-139

_____

Jessica Freeman,

        Plaintiff,                      **COMPLAINT**

v.

                                **JURY TRIAL DEMANDED**

Bryant, Hodge and Associates, LLC,

        Defendant.

_____

1. Plaintiff Jessica Freeman ("Consumer") brings this action to address Bryant, Hodge and Associates, LLC's ("Debt Collector") violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by attempting to collect a fraudulently-incurred debt in Minnesota without license or registration do so, and to enjoin further collection.

## **JURISDICTION, VENUE, AND PARTIES**

2. The United States District Court has jurisdiction over all FDCPA claims and supplemental state issues. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1367.

3. Venue is proper because a substantial part of the events giving rise to this claim occurred in Minnesota. 28 U.S.C. § 1391(b)(2).

4. Consumer is a natural person residing in Isanti County, MN and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Debt Collector is a limited liability company with a registered New Hampshire address of 9 Capitol Street, Concord, NH 03301 that is conducting business in Minnesota. The principal business and purpose of Debt Collector is the collection of debts, making it a debt collector as defined by 15 U.S.C. § 1692a(6).

## MINNESOTA STATUTE

6. "No foreign corporation shall transact business in this state unless it holds a certificate of authority so to do." Minn. Stat. § 303.03.

7. "[N]o person shall conduct within this state a collection agency or engage within this state in the business of collecting claims for others . . . without having first applied for and obtained a collection agency license." Minn. Stat. § 332.32.

8. "No collection agency or collector shall . . . when initially contacting a Minnesota debtor by mail, fail to include a disclosure on the contact notice, in a type size or font which is equal to or larger than the largest other type of type size or font used in the text of the notice. The

disclosure must state: 'This collection agency is licensed by the Minnesota Department of Commerce.'" Minn. Stat. § 332.37.

## FACTS

9. Debt Collector is attempting to collect a consumer debt from Consumer from New Hampshire.

10. Consumer has never been to New Hampshire, and has never incurred a debt there.

11. On January 5, 2015, Debt Collector sent an initial collection letter for this debt to Consumer at her home in Isanti County, Minnesota. *See letter attached as* **EXHIBIT A**.

12. Consumer did not incur the debt alleged by Debt Collector. It was incurred as a result of identity theft. *See* Cambridge Police Dept., Agency ORI# MN0300100, ICR# 10001355.

13. In its letter and collection activity, Debt Collector made no effort to comply with Minnesota law.

14. Debt Collector omitted the disclosure required by Minn. Stat. § 332.37 from its collection letter to Consumer.

15. By collecting debts owed to others in Minnesota in its capacity as a debt

collector, Debt Collector is conducting business within Minnesota.

16. Debt Collector is not registered to conduct business within Minnesota with the Minnesota Secretary of State.

17. Debt Collector is also conducting collection activity within Minnesota.

18. Debt Collector is not registered to act as a collection agency within Minnesota with the Minnesota Department of Commerce.

## **FDCPA REQUIREMENTS**

19. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

20. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . any services rendered or compensation which may be lawfully received by any debt collector for

the collection of a debt. 15 U.S.C. § 1692e(2)(B).

21. "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

22. "[A]ny debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of — (1) any *actual damage* sustained by such person as a result of such failure; (2) . . . such *additional damages* as the court may allow, but not exceeding $1,000 . . . [and (3)] the *costs of the action*, together with *a reasonable attorney's fee* as determined by the court." 15 U.S.C. § 1692k(a) [emphasis added].

## COUNT I: VIOLATION OF 15 U.S.C. § 1692e

23. Consumer incorporates all other allegations as if set forth herein in full.

24. By demanding payment from Consumer for a debt which was placed against her as a result of identity theft, Debt Collector misrepresented the character, amount, and legal status of the debt, in violation of § 1692e(2)(A).

25. In collecting in Minnesota without license or registration, Debt Collector violated § 1692e generally, as well as § 1692e(2)(B) specifically, by

misrepresenting to Consumer that it could lawfully attempt to collect and demand payment for the debt it alleged against her.

26. This misrepresentation materially misled Consumer as to her legal rights under Minnesota statute.

27. The reporting of this debt which Consumer does not owe on her credit report improperly and negatively impacted Consumer's credit score.

28. This violation has caused Consumer to suffer emotional distress, frustration, confusion, and helplessness.

29. Consumer has been forced to hire legal counsel to address Debt Collector's failure to comply with the FDCPA.

30. Consumer is entitled to actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court. 15 U.S.C. § 1692k.

## COUNT II: VIOLATION OF 15 U.S.C. § 1692f

31. Consumer incorporates all other allegations as if set forth herein in full.

32. Debt Collector's attempts to collect a debt from Consumer which was obtained as a result of identity theft are unfair and unconscionable in

violation of § 1692f.

33. It is also unfair and unconscionable for Debt Collector to collect in Minnesota without license or registration. This activity violated § 1692f.

34. Consumer is entitled to actual damages in an amount to be determined at trial, statutory damages of $1,000.00, the costs of this action, and reasonable attorney's fees from Debt Collector in an amount to be determined by the court. 15 U.S.C. § 1692k.

### COUNT III: DECLARATION OF RIGHTS

35. Consumer incorporates all other allegations as if set forth herein in full.

36. Minn. Stat. § 555.01 allows a party to seek a declaration of its rights under the law.

37. Consumer is entitled to a determination that Debt Collector may not continue to pursue her for collection until properly licensed and registered with the State.

### JURY TRIAL

38. Consumer demands a trial by jury. US Const. Amend. 7.; FRCP 38.

### PRAYER FOR RELIEF

Consumer requests an Order for the following relief:

1.  Judgment in favor of Consumer and against Debt Collector for actual damages in an amount to be determined at trial, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee under 15 U.S.C. § 1692k.

2.  Judgment under Minn. Stat. § 555.01 enjoining Debt Collector from collecting from Consumer in Minnesota until properly licensed and registered with the State.

3.  All other relief which the Court deems just and equitable.

Dated: 1/21/15                    /s/ Bennett Hartz
                                  Jonathan L. R. Drewes (#387327)
                                  Bennett Hartz (#393136)
                                  DREWES LAW, PLLC
                                  1516 West Lake Street, Ste 300
                                  Minneapolis, MN 55408
                                  T (612) 285-3064
                                  F (612) 285-3062
                                  bennett@dreweslaw.com
                                  ***Attorneys for Consumer***